**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOHN F. MARCHISOTTO,

    Plaintiff,

v.

ROGER W. DALEY, *et al.*,

    Defendants.

Civil Action No. 22-1276 (ZNQ) (RLS)

**OPINION**

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court upon *pro se* Plaintiff John F. Marchisotto's Motion for a Temporary Restraining Order ("TRO") and Preliminary Injunction against Allison E. Accurso, Catherine I. Enright,[1] and the Superior Court of New Jersey Appellate Division ("Appellate Division"). (ECF No. 33.) There are several other motions pending before the Court.[2] The Court has carefully considered the parties' submissions and decided the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons discussed below, the Court will deny Plaintiff's Motion for a Temporary Restraining Order

---

[1] Enright, who is an Appellate Division Judge, is not a named defendant in this action.

[2] Also before the Court are the following motions: Motion to Dismiss by Defendant John Madden (ECF No. 13); Motion to Dismiss by Defendant Walter Reed Gusciora (ECF No. 20); Motion to Disqualify Counsel by Plaintiff (ECF No. 24); Motion to Dismiss by Defendants Andrew J. Bruck, Yolanda Ciccone, Middlesex County Prosecutor Office, Michelle Miller, Michael T. Moran, Philip Dunton Murphy, New Jersey Office of the Attorney General, Matthew J. Platkin, Richard J. Hughes Justice Complex, Michele Marie Solari, Peter Sosinski, and State of New Jersey (ECF No. 34); and Motion to Dismiss by Defendants Allison E. Accurso, Administrative Office of the Courts, Heather Antonuccio, Karen M. Carroll, Claribel Cortes, Jessica Cortes, Roger W. Daley, Jennifer Eaton, Glenn A. Grant, John K. Grant, Christina O. Hall, Marie C. Hanley, Marissa Huber, Karen L. Koval, N.J. Courts, Joseph H. Orlando, Stuart J. Rabner, Alberto Rivas, Lisa Rose, Tammy Rowe, Michelle M. Smith, Lion Song, Superior Court of New Jersey Appellate Division, Superior Court Trust Fund Unit, Suzanne Tobin, and Michael A. Toto (ECF No. 36).

1

and/or Preliminary Injunction and dismiss Plaintiff's Complaint in its entirety. In addition, the Court will issue an Order to Show Cause as to why Marchisotto should not be subject to a pre-filing injunction.

## I.     BACKGROUND AND PROCEDURAL HISTORY

On March 9, 2022, Marchisotto initiated this action against the Appellate Division, Judge Accurso, and many other defendants, including other members of the judiciary, the government, and anyone remotely involved in the state court probate action concerning his deceased father. (Compl., ECF No. 1-4.) The Complaint primarily focuses on a February 8, 2022 Order issued by Judge Roger W. Daley from the New Jersey Superior Court, Middlesex County, directing the New Jersey Trust Fund Unit to release $612,541.94 to Louis P. Lepore, Esq.,[3] in connection with the state probate matter. Specifically, Marchisotto alleges that the Appellate Division and Judge Accurso have violated his constitutional rights by failing to address his appeal concerning the probate matter and by accepting the submission of fraudulent documents, which he claims resulted in "adverse fraudulent orders against [him]." (Compl. ¶¶ 22, 55.) He repeatedly accuses Judge Daley of judicial misconduct and Lepore of engaging in criminal activity. He also alleges that several members of the state government are conspiring to protect state actors to help them cover up their crimes, abuse, and official misconduct.

On April 21, 2022, the Appellate Division issued an opinion addressing the probate action, and Marchisotto now seeks a temporary restraining order and/or preliminary injunction to void the April 21, 2022 opinion from Appellate Division Judges Accurso and Enright. *See In the Matter*

---

[3] Attorney Lepore prepared the estate planning documents in connection with the estate of Marchisotto's father, including a will, an irrevocable trust instrument, and a durable power of attorney in favor of Debra Canova (Marchisotto's sister). *In the Matter of the Irrevocable Trust of John L. Marchisotto*, No. A-3453-19, 2022 WL 1179970, at *1 (N.J. App. Div. Apr. 21, 2022).

*of the Irrevocable Trust of John L. Marchisotto*, No. A-3453-19, 2022 WL 1179970 (N.J. App. Div. Apr. 21, 2022) (the "Appellate Division Decision").

The Court incorporates by reference the factual background contained in the Appellate Division Decision and notes that this is Marchisotto's third federal action concerning the state court probate matter. *See Marchisotto v. Goodzeit*, Civ. No. 19-12540; *Marchisotto v. Rivas*, Civ. No. 19-21440. In May 2019, Marchisotto initiated a similar action pursuant to 42 U.S.C. § 1983 ("Section 1983"), seeking to challenge various aspects of an ongoing state court probate matter involving his deceased father. *Goodzeit*, Civ. No. 19-12540. He named as defendants Middlesex County, Superior Court Judge Margaret Goodzeit, the Somerset County Surrogate (Frank Bruno), the executrix of his father's estate (Debra Canova), and her lawyer (Louis P. Lepore). *Id.* The defendants filed motions to dismiss, and the Court consolidated the matter with a separate action that Plaintiff had filed in December 2019. *Goodzeit*, Civ. No. 19-12540 (D.N.J. order dated Jan. 14, 2020); *see also Rivas*, Civ. No. 19-21440 (D.N.J. order dated Jan. 14, 2020). The December 2019 action named some defendants from the May 2019 action but also included several new defendants, namely the State of New Jersey, Superior Court Judge Alberto Rivas, and New Jersey Supreme Court Justice Stuart Rabner. *Id.*

On April 22, 2020, the Court entered an order granting the motions to dismiss filed by Judge Goodzeit and by Canova and Lepore, denying Marchisotto's request to amend the complaint as to Bruno, denying Marchisotto's application for preliminary injunctive relief, denying as moot Middlesex County's motion to dismiss, and affirming a Magistrate Judge's order from February 26, 2020. *See Marchisotto v. Goodzeit*, Civ. No. 20-1870, 2021 WL 3403672, at *1 (3d Cir. Aug. 4, 2021). The Magistrate Judge's order administratively terminated Marchisotto's motion for a temporary restraining order against Judge Rivas and Chief Justice Rabner, denied his motion for

disqualification of Attorney Lepore, and struck two amended complaints. *Id.* In its order, the Court advised Marchisotto that if he sought "to amend his Complaint to incorporate the parties and allegations from the consolidated matter, [then] he [would have to] file a motion seeking leave to do so no later than May 5, 2020." *Id.* If, instead, Marchisotto sought to appeal, the Court directed him to "notify the Court in writing of his intention to do so by May 5, 2020 prior to filing his appeal." *Id.* In addition, the Court cautioned Marchisotto that if he failed to seek leave to file an Amended Complaint, the Court would dismiss the case with prejudice. *Id.*

Instead of filing an amended complaint, Marchisotto appealed. *Id.* After the May 5 deadline passed, two groups of defendants submitted letters asking the Court to dismiss all claims against all parties with prejudice. *Id.* Thereafter, on June 5, 2020, the Court entered an order dismissing all the defendants, including those who had been consolidated, and denying as moot Marchisotto's request for leave to file a motion for preliminary injunction and temporary restraining order. *Id.* Marchisotto then filed another amended notice of appeal. *Id.*

On appeal, the Third Circuit affirmed the Court's judgment. *Id.* at *2. First, the Third Circuit found that the Court properly granted Judge Goodzeit's motion to dismiss. *Id.* In his complaint, Marchisotto had challenged Judge Goodzeit's actions in the state court probate proceeding, alleging that she abused her authority, lacked impartiality, and engaged in misconduct. *Id.* The Third Circuit explained that Goodzeit was immune from liability for all actions taken in her judicial capacity as a judge because Marchisotto had not alleged she acted in a non-judicial capacity or in the complete absence of jurisdiction when she ruled in the state court probate matter. *Id.* Second, the Third Circuit affirmed the Court's decision to dismiss the claims against Canova and Lepore. *Id.* Marchisotto had alleged that Canova and Attorney Lepore committed financial crimes, perjured themselves, and signed false financial documents and tax returns. *Id.* The Third

Circuit found that, by virtue of their roles in the probate proceedings, Canova and Lapore were not acting under color of state law for the purposes of Section 1983. *Id.* It, therefore, found that the "Court properly dismissed the claims that were brought against them and correctly found that further amendment of the complaint would be futile." *Id.* Third, the Third Circuit concluded that there was no merit to Marchisotto's challenge to the Magistrate Judge's order dated February 26, 2020. *Id.* at *3. It determined that the "Magistrate Judge properly denied Marchisotto's motion for disqualification of Attorney Lepore because the allegations in that motion failed to demonstrate that Attorney Lepore engaged in misconduct or improperly failed to carry professional liability insurance." *Id.* In addition, the Third Circuit also found that the rejection of Marchisotto's motion for a temporary restraining order and preliminary injunction was proper. *Id.* It noted that Marchisotto's application for a TRO "essentially duplicated an earlier motion that the District Court had rejected because it was unclear what kind of harm that Marchisotto would suffer, how the harm would materialize, or why he was entitled to a temporary restraining order." *Id.* Lastly, the Third Circuit affirmed the Court's decision to strike Marchisotto's second and third amended complaints because Marchisotto was given the opportunity to amend his complaint by May 5, 2020, but failed to do so. *Id.*

## II. DISCUSSION

### A. Motion for Preliminary Injunction and Temporary Restraining Order

Injunctive relief is "an extraordinary remedy" and "should be granted only in limited circumstances." *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1426–27 (3d Cir. 1994) (internal quotation marks omitted); *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). To obtain such relief, the moving party must show:

> (1) a reasonable probability of eventual success in the litigation, and (2) that it will be irreparably injured . . . if relief is not granted . . . . [In addition,] the district court, in considering whether to grant a preliminary injunction, should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest.

*Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017) (quoting *Del. River Port Auth. v. Transamerican Trailer Transp., Inc.*, 501 F.2d 917, 919–20 (3d Cir. 1974)).  The movant bears the burden of establishing "the threshold for the first two 'most critical' factors . . . .  If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Id.* at 179.  "Preliminary injunctive relief is an extraordinary remedy and should be granted only in limited circumstances." *Kos Pharm.*, 369 F.3d at 708 (internal quotation marks omitted).

Marchisotto argues that he will suffer irreparable harm unless the Court grants him immediate relief by voiding the April 21, 2022 decision issued by Appellate Division Judges Accurso and Enright.  (ECF No. 33 at 13.)  He claims he will suffer immediate and irreparable injury in the form of pain and suffering, emotional distress, mental anguish, loss of enjoyment, loss of consortium, and loss of property.  (*Id.* at 14.)  However, as noted in the Third Circuit decision, it is not clear to the Court how the harm will materialize and why he is entitled to a TRO.  Plaintiff attempts to outline the standard for obtaining a TRO and preliminary injunction, offers general legal definitions of a TRO and preliminary injunction, and describes their potential binding effects.  (*Id.* at 1–12.)  He also recites, extensively, the Codes and Canons of Judicial Conduct and cites to several Local Rules and New Jersey Court Rules.  Plaintiff argues that Accurso and Enright engaged in judicial misconduct, failed to comply with their oath to the Constitution of the United States, and engaged in acts of treason.  Having reviewed Plaintiff's submissions, the Court finds

no irreparable injury warranting immediate relief in the form of a TRO or preliminary injunction. *See Reilly v. City of Harrisburg*, 858 F.3d 173 (2017). Marchisotto's application will, therefore, be denied on that basis.

### B. *Sua Sponte* Dismissal of this Suit

To the extent Marchisotto attempts to litigate the validity of state court judgments (through this TRO, this action, or by otherwise commencing another action in federal court), the Court has no authority to review state court decisions. Under the *Rooker-Feldman* doctrine, federal district courts lack subject matter jurisdiction over actions in which the relief sought would effectively "reverse a state court decision or void its ruling." *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 192 (3d Cir. 2006). *See also Walker v. Horn*, 385 F.3d 321, 329 (3d Cir. 2004) ("To ensure that Congress's intent to prevent the lower federal courts from sitting in direct review of the decisions of a state tribunal is given effect, the *Rooker-Feldman* doctrine prohibits District Courts from adjudicating actions in which the relief requested requires determining whether the state court's decision is wrong or voiding the state court's ruling"); *Lane v. New Jersey*, 725 F. App'x 185, 188 (3d Cir. 2018) ("The *Rooker-Feldman* doctrine deprives federal district courts of jurisdiction over lawsuits that essentially seek appellate review of state-court judgments.").

Marchisotto cannot circumvent the appellate process in state court by filing a new action or a TRO application in federal court attacking the validity of a decision from the Appellate Division. This Court cannot directly or indirectly review, negate, void, or provide relief that would invalidate decisions issued in the state court probate proceedings. *See, e.g.*, *Moncrief v. Chase Manhattan Mortg. Corp.*, 275 Fed. App'x 149, 152–53 (3d Cir. 2008) (affirming judgment dismissing claims concerning state foreclosure action, *inter alia*, as barred by *Rooker-Feldman* doctrine because plaintiff sought redress from state court judgment); *Harris v. Brody*, 317 Fed.

App'x 153 (3d Cir. 2008) (affirming dismissal of claims concerning probate matter based on *Rooker-Feldman* doctrine and res judicata).

In reviewing the docket and the parallel actions, it has become clear to the Court that Marchisotto is attempting to relitigate issues that have already been adjudicated. *See Marchisotto v. Goodzeit*, Civ. No. 19-12540; *Marchisotto v. Rivas*, Civ. No. 19-21440. He is attempting to avoid determinations and orders issued in the state court probate action by labeling them as fraudulent and seeking relief in federal court. This Complaint, much like the other complaints, is replete with legal conclusions and blanket allegations of fraud and judicial misconduct in connection with the state probate action. It is one in a series of similar ad hominem attacks directed at judges who fail to rule in his favor, members of the government, and persons involved in the state court probate matter.

Moreover, the Third Circuit issued its decision with respect to *Goodzeit* and *Rivas* in August 2021, and Plaintiff commenced this Section 1983 action in March 2022. The Court has the power to *sua sponte* dismiss Marchisotto's Complaint based on res judicata. While there is no precedential authority in the Third Circuit directly on point, guidance from nonprecedential Third Circuit authority suggests that district courts have the power to *sua sponte* dismiss an action if res judicata applies. *See Atwell v. Metterau*, 255 F. App'x 655, 657 (3d Cir. 2007) ("[A] court may sua sponte dismiss an action on [the ground of res judicata] where the court is on notice that it previously decided the issue presented." (citing *Arizona v. California*, 530 U.S. 412 (2000))); *King v. East Lampeter Twp.*, 69 F. App'x 94, 96 (3d Cir. 2003) (affirming the district court's *sua sponte* dismissal of a *pro se* action based on res judicata). Courts in the Third Circuit have often *sua sponte* dismissed actions barred by res judicata. *See, e.g.*, *Pasqua v. County of Hunterdon*, No. 15-3501, 2017 WL 5667999, at *9 n.10 (D.N.J. Nov. 27, 2017) (collecting cases). The result in

these cases comports with the goals of res judicata—to avoid wasting judicial resources and prevent defendants from having to respond to multiple vexatious lawsuits. *See Marmon Coal Co. v. Dir., Office of Workers' Comp. Programs*, 726 F.3d 387, 394 (3d Cir. 2013).

Res judicata bars an action when three elements are present: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016) (quoting *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991)). In determining whether res judicata applies, the Court "focus[es] on the central purpose of the doctrine, to require a plaintiff to present all claims arising out [of] the same occurrence in a single suit." *Id.* (quoting *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 277 (3d Cir. 2014)) (second alteration in original), *cert. denied*, 135 S. Ct. 1738 (2015). Res judicata "bars not only claims that were brought in a previous action, but also claims that could have been brought." *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008).

Turning to the instant case, all three elements of res judicata exist here. First, the Court's orders in *Goodzeit* dismissing the Complaint with prejudice is a final judgment on the merits. *See Adufemi v. City of Phila.*, 445 F. App'x 610, 610 (3d Cir. 2011) (stating the grant of a motion to dismiss "easily satisfie[s]" the final judgment on the merits element). The Court dismissed with prejudice the Complaint in *Goodzeit*, which contained allegations arising out of the same occurrence—namely, his disagreement with the handling of the probate matter. *Goodzeit*, Civ. No. 19-12540 (D.N.J. orders dated Feb. 26, 2020, Apr. 22, 2020, and June 5, 2020). The second element—whether the prior suit involved the same parties—is met because Marchisotto also named the following defendants in the previous action: Lepore, Appellate Division of the New Jersey Superior Court, the State of New Jersey, Alberto Rivas, Stuart Rabner, Ellen Bridgette,

Joann Cavallo, Jessica Cavallo, Kristen Canova, Toni-Ann Canova, Joseph Canova, Diane Cusack, and Nicole Averack.

Finally, the third element is met because the instant action is based on the same cause of action as in *Goodzeit*. "In deciding whether two suits are based on the same 'cause of action,' [courts] take a broad view, looking to whether there is an 'essential similarity of the underlying events giving rise to the various legal claims.'" *CoreStates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 194 (3d Cir. 1999) (quoting *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 984 (3d Cir. 1984)). The mere fact that a plaintiff asserts a different theory of recovery or seeks different relief in the later action does not save a plaintiff's action from res judicata. *Id.* When deciding whether a case involves the same cause of action, the Court analyzes: (1) "whether the acts complained of and the demand for relief are the same"; (2) "whether the theory of recovery is the same"; (3) "whether the witnesses and documents necessary at trial are the same"; and (4) "whether the material facts alleged are the same." *Athlone*, 746 F.2d at 984. In both federal actions, Marchisotto claims that the judges and persons involved in the state court probate matter violated his constitutional rights, committed fraud, and engaged in some form of misconduct. Marchisotto's allegations all stem from his frustration and disagreement with the decisions made in the state court probate matter. His allegations are all premised on the notion that the judiciary, the government, and other individuals involved with the state court probate matter are conspiring against him. After analyzing these factors and reviewing the Complaint in this matter, the Court finds that the instant claims are based on the same cause of action as in *Goodzeit*. Accordingly, Marchisotto's claims against the aforementioned Defendants will be *sua sponte* dismissed with prejudice.

To the extent Marchisotto names new defendants in this action, the Complaint is incomprehensible with respect to those defendants, and the Court is unable to identify or ascertain

any cognizable claims that would otherwise entitle him to relief. Fed. R. Civ. P. 8(a)(2). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (A "pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" (quoting Fed. R. Civ. P. 8(a)(2))). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and Marchisotto's pleadings offer nothing more than just that, along with "labels and conclusions." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). For these reasons the Court will dismiss the Complaint.

    **C.**    **Order to Show Cause as to Why a Pre-Filing Injunction Should Not Be Issued**

Insofar as the instant action is duplicative of *Goodzeit* and barred by res judicata and given his history, the Court will consider whether an injunctive filing bar is appropriate to prevent Marchisotto from filing further actions concerning the state probate matter. Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), a district court may enter a pre-filing injunction "to preclude abusive, groundless and vexatious litigation." *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993). "When a district court is confronted with a pattern of conduct from which it can only conclude that a litigant is intentionally abusing the judicial process and will continue to do so unless restrained, we believe it is entitled to resort to its power of injunction and contempt to protect its process." *Abdul-Akbar v. Watson*, 901 F.2d 329, 333 (3d Cir. 1990). "Courts have uniformly sanctioned litigants who attempt to relitigate issues already decided against [them] . . . ." *Dunleavy v. Gannon*, 2012 WL 259382 (D.N.J. Jan. 26, 2012) (citing *Napier v. Thirty or More unidentified Fed. Agents, Employees or Officers*, 855 F.2d 1080 (3d Cir. 1988).

However, "the District Court should not restrict a litigant from filing claims absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Farrelly*, 994 F.2d at 1037. Moreover, "[i]f the circumstances warrant the

11

imposition of an injunction, the District Court must give notice to the litigant to show cause why the proposed injunctive relief should not issue." *Id.* Finally, "the scope of the injunctive order must be narrowly tailored to fit the particular circumstances of the case before the" Court. *Id.*

Marchisotto's serial complaints in federal court and voluminous filings suffice as a preliminary showing of abuse of the judicial system. His repeated attempts to create a new controversy by suing members of the judiciary, government, and anyone involved in the probate action and disregarding past judgments appear to this Court to be vexatious and repetitive. Plaintiff is not entitled to convert the judicial system into a means for harassment.

As a result, Plaintiff will be required to show cause within twenty days of the order accompanying this opinion as to why his pattern of conduct, which has caused the expenditure of countless resources, judicial and otherwise, does not justify a tailored pre-filing injunction that provides as follows:

> 1. Without prior leave of this Court, John F. Marchisotto should be prohibited, when proceeding *pro se*, from filing any lawsuits against any of the Defendants or others not yet named relating to disputes concerning the state court probate matter involving his deceased father, or any perceived conspiracies emanating out of them;

> 2. Leave of Court will be freely granted upon Plaintiff showing through a properly filed petition that a specific proposed filing (i) can survive a challenge under Rule 12 of the Federal Rules of Civil Procedure and (ii) is not barred by principles of claim preclusion, issue preclusion, or the *Rooker-Feldman* doctrine;

3. Plaintiff must attach a copy of the pre-filing injunction to any subsequent *pro se* lawsuit that relates to disputes concerning the state court probate matter; should he fail to do so, his complaint will be dismissed; and

4. The injunction shall not apply to the filing of timely notices of appeal of any decision rendered by this Court in this action, nor shall it apply to the cases that Marchisotto has already filed.

### III.   CONCLUSION

For the reasons stated above, the Motion for a Preliminary Injunction (ECF No. 33) will be DENIED and the Complaint will be DISMISSED.  The Motions to Dismiss (ECF Nos. 13, 20, 34, and 36), the Motion to Disqualify Judge Singh (ECF No. 21), and the Motion to Disqualify Counsel (ECF No. 24) will be DENIED AS MOOT.  An Order to Show Cause, as set forth above, will also be issued.  Finally, the Clerk's Office will be instructed to mark this matter OPEN and to STAY and ADMINISTRATIVELY TERMINATE it pending the Court's consideration of the Order to Show Cause.  An appropriate Order will follow.

Date: **May 20, 2022**

                                                        s/ Zahid N. Quraishi
                                                        **ZAHID N. QURAISHI**
                                                        **UNITED STATES DISTRICT JUDGE**